———o———

### No. 5916.

## BROWN-McREYNOLDS LUMBER COMPANY vs. COMMONWEALTH BONDING AND CASUALTY COMPANY.

### Syllabus.

1. Art. 2458 of the Civil Code provides that when goods are sold by weight, tale or measure, they are at the risk of the seller until weighed, counted or measured; but the sale is

none the less so far complete that the buyer may always insist upon the delivery.

'2. Under the laws of this State no one creditor can acquire a priority over another except in strict accordance with the express provisions of some Statute.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 101,715. Hon. E. K. Skinner, Judge.

T. M. & J. D. Miller, for plaintiff and appellee.

Hollingsworth & Mentz, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiffs bought of G. N. Oertling 150,000 feet of lumber under the following circumstances:

Their representative examined what lumber was then piled up at Oertling's mill; saw that there was on hand at least 75,000 feet of the grade and quality wanted by him, and bargained at $10 per 1000 for those 75,000 feet and for an additional 100,000 feet yet to be manufactured. He paid at once 50% of the whole contract price, or $750.

The price agreed upon was "f. o. b. cars," and the contract provided for "mill inspection to be given," and for payment of balance of purchase price "upon arrival and inspection." That is to say, the loading on cars was to be at the mill's expense, the mill was to inspect the lumber before loading, and the balance of the purchase price was to be paid only when the lumber arrived at destination and was found to be of the grade and quality agreed upon.

Before any of the lumber was loaded, defendant, a surety for Oertling upon some other account and acting

by virtue of a contract which it claimed gave the right "to take possession of his plant and prosecute said contract to completion," took possession of Oertling's mill and of all the lumber piled up around it, and disposed of said lumber for its own purposes, refusing to deliver any part thereof to plaintiffs.

Plaintiffs now sue for the market price of 75,000 feet of the lumber thus converted.

Their right of action depends upon whether or not they had a right to the possession of the lumber at the time defendant converted it, and we think that, as to the 75,-000 feet on hand, they had that right.

For the two inspections provided for by the contract, so far as they relate to the 75,000 feet of lumber then on hand and already examined by plaintiffs' representative, have nothing in common with the "view and trial" spoken of by the Civil Code, Art. 2460, which operates as a suspensive condition of the sale "until the buyer be satisfied with the trial."

That article supposes the case of an object bargained for conditionally, and clearly says so. Here there was no conditional sale; the contract was absolute for so many feet of lumber of, such a grade, and the only inspection contemplated was for the purpose of ascertaining that the lumber actually delivered was of the grade and quality purchased.

Hence article 2458 of the same Code is alone applicable. That article provides that when goods are sold by weight, tale or measure they are at the risk of the seller until weighed, counted or measured, but the sale is none the less so far complete that the buyer may always insist upon the delivery.

Now the right which plaintiff thus had to the possession of the lumber purchased could only be defeated by the

superior rights of some other person, and defendant in this case had no such superior right.

For whatever the nature and effect, between the parties thereto, of the contract under which defendant took possession of Oertling's plant, it is quite certain that under the laws of this State no one creditor can acquire a priority over another except in strict accordance with the express provisions of some statute (C. C. 3185), and we do not recognize in the contract above mentioned one of the modes by which our statutes permit one creditor to obtain a preference over another.

Defendant was therefore without right whatsoever to withhold from plaintiffs the lumber which they had purchased and to the possession whereof they were entitled; and it must pay the value thereof when converted, which we fix at $15 per thousand or $1,125 in all.

It is therefore ordered that the judgment appealed from be amended by increasing the amount allowed plaintiff from $750 to eleven hundred and twenty-five dollars, $1,125, and as thus amended the judgment is affirmed at defendant's cost in both courts. Judgment amended and affirmed.

Opinion and decree December 22nd, 1913.

Rehearing refused, January 12th, 1914.